NO.
12-06-00054-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE OF TEXAS     §                      APPEAL
FROM THE

 

FOR THE BEST INTEREST          §                      COUNTY
COURT AT LAW

 

AND PROTECTION OF
M.T.        §                      CHEROKEE COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            M.T. appeals
from an order authorizing the Texas Department of Mental Health and Mental
Retardation to administer psychoactive medication.  In one issue, M.T. asserts the evidence is
legally and factually insufficient to support the trial court’s order.  We affirm.

 

Background

            On February 10, 2006, Dr. Larry
Hawkins signed an application for a court order to administer psychoactive
medication to M.T.  In the application,
Dr. Hawkins stated that M.T. was subject to an order for inpatient mental
health services under Section 547.034 of the Texas Health and Safety Code.  Dr. Hawkins stated that M.T. had been
diagnosed with “schizophrenia” and requested the trial court to compel M.T. to
take four psychoactive medications: an antidepressant, an antipsychotic, an
anxoilytic/sedative/hypnotic, and a mood stabilizer.  M.T. had refused to take the medications
voluntarily.  In the doctor’s opinion,
M.T. lacked the capacity to make a decision regarding administration of
psychoactive medications because M.T. denied she was mentally ill,  had engaged in bizarre behavior, and could
not weigh the risks versus the benefits of medication.  Dr. Hawkins concluded that these medications
were the proper course of treatment for M.T. and that her prognosis would be good
if she were treated with the medications. 
The doctor noted that M.T. had responded favorably in the past to
medication.  Dr. Hawkins believed that
M.T. would harm herself if she were not treated with the proposed
medication.  Dr. Hawkins stated he had
considered other medical alternatives to psychoactive medications, but had
determined that those alternatives would not be as effective.  Further, he believed the benefits of the
psychoactive medication outweighed the risks in relation to the current medical
treatment being provided and were in M.T.’s best interest.

            On February 21, 2006, the trial
court held a hearing on the application. 
Dr. Hawkins testified that he is M.T.’s treating physician and that he
had completed the application for the order to administer psychoactive
medication.  Dr. Hawkins testified that
M.T. was under a temporary order for mental health services and that she had
displayed “very serious delusions” and failed to bathe or otherwise take care
of herself while in the hospital.  Dr.
Hawkins testified that M.T. was “extremely ill” and did not recognize her
illness.  Dr. Hawkins testified that M.T.
would harm herself and that, based on the neglect he had observed in the
hospital, he anticipated that she would neglect her children as well.  

            Dr. Hawkins testified that the
benefits from the medications outweighed the risks and that the hospital could
work with M.T. to attempt to minimize any side effects.  The doctor indicated that he had considered
other courses of treatment including counseling, but that those treatments
would not be effective because M.T. was denying that she was ill.  Dr. Hawkins testified that the proposed
medications were the proper course of treatment for M.T.’s diagnosis, that the
medications were  in the best interest of
M.T., and that she would likely benefit from their administration.  The doctor also testified that M.T. had been
treated with medication previously and had been helped.

            M.T. testified on her own
behalf.  She acknowledged, in a
circuitous manner, that she needed to be hospitalized.  She indicated that she wished to refuse
medication because she believed patients should have a choice in such matters
and because she believed there should not be a power struggle between a patient
and doctor.  She indicated that she was a
spiritual person, but said medication would not interfere with her beliefs “in
some regards.”  She did not testify that
the medication would interfere with her beliefs.  She did testify that she would prefer to stay
longer instead of taking the medication and that she did not feel medication
was “appropriate at this time.”  M.T.
testified that she had been forced to take medication in the past and that she
had not been hurt by the medication, although she had felt that she did not need
medication at that time either.

            After considering all the evidence,
including the application and the expert testimony, the trial court found
treatment with the proposed medications to be in the best interest of M.T. and
that M.T. lacked the capacity to make a decision regarding administration of
the medication. The trial court authorized the Department to administer the
proposed psychoactive medications to M.T. 
This appeal followed.

 

Sufficiency of the
Evidence

            In her sole issue, M.T. asserts the
evidence is neither legally nor factually sufficient to support the trial court’s
order authorizing the administration of psychoactive medication. She contends
that the State did not prove by clear and convincing evidence that she lacked
the capacity to make a decision regarding administration of psychoactive
medication or that it was in her best interest to take the medication.

Standard of
Review

            When a finding must be supported by
clear and convincing evidence, we review the legal sufficiency of the evidence
by considering all of the evidence in the light most favorable to the finding
and determining whether a reasonable trier of fact could have formed a firm
belief or conviction that would support the finding.  In re J.F.C., 96 S.W.3d 256,
266 (Tex. 2002). We assume that disputed factual issues were resolved in favor
of the finding if that could reasonably be done.  Id.  We will disregard any evidence that a
reasonable fact finder could have disbelieved or found to have been incredible.  Id.

            In addressing a factual sufficiency
challenge, we must consider all of the evidence in the record, including the
evidence that supports and detracts from trial court’s findings.  In re C.H., 89 S.W.3d 17, 27–29
(Tex. 2002).  We must give due consideration
to evidence that the fact finder could reasonably have found to be clear and
convincing.  Id. at
25.  We must determine whether the
evidence is such that a fact finder could reasonably form a firm belief or
conviction about the truth of the State’s allegations.  Id.  We must consider whether disputed evidence is
such that a reasonable trier of fact could not have reconciled that disputed
evidence in favor of its finding.  In
re J.F.C., 96 S.W.3d at 266.  The
trier of fact is the exclusive judge of the credibility of the witnesses and
the weight to be given their testimony.  In
re C.H., 89 S.W.3d at 27; In re J.J.O.,131 S.W.3d 618,
632 (Tex. App.–Fort Worth 2004, no pet.).

Order to
Administer Psychoactive Medication

            A court may enter an order authorizing
the administration of psychoactive medication if it finds by clear and
convincing evidence that the patient is under an order to receive inpatient
mental health services, that the patient lacks the capacity to make a decision
regarding the administration of the proposed medication, and that treatment
with the proposed medication is in the best interest of the patient.  Tex.
Health & Safety Code Ann. § 574.106(a-1)(1) (Vernon 2005).  “Capacity” means a patient’s ability to
understand the nature and consequence of a proposed treatment, including the
benefits, risks, and alternatives to the proposed treatment, and to make a
decision whether to undergo the proposed treatment.  Id. § 574.101(1).  In making its findings, the trial court must
consider the patient’s expressed preferences regarding treatment with
psychoactive medication, the patient’s religious beliefs, the risks and
benefits from the perspective of the patient of taking the medication, the
consequences to the patient if the psychoactive medication is not administered,
the prognosis for the patient if not treated with psychoactive medication, and
any alternative treatment including less intrusive treatment likely to produce
the same results or likely to secure the patient’s agreement.  Id. § 574.106(b).

            M.T. does not dispute that the
evidence is legally and factually sufficient to show that she was under an
order for temporary mental health services. 
Thus, we will only consider whether the evidence is legally and factually
sufficient to support a finding that she lacked the capacity to make a decision
regarding the administration of psychoactive medications and whether the
proposed medication was in her best interest. 
In the application, Dr. Hawkins stated that M.T. suffers from “schizophrenia.”  He believed M.T. lacks the capacity to make a
decision regarding administration of psychoactive medications because M.T. had
displayed “very serious delusions” and denied that she was suffering from a
mental illness.  He testified that she
had been treated with medications a year prior and was able to function, but
that she had stopped taking the medications and now had to be hospitalized and
prompted to do simple things like bathe herself.  Further, Dr. Hawkins testified that M.T. may
harm herself or her children through neglect if not treated with these
medications. Dr. Hawkins concluded that it was in M.T.’s best interest to take
the medications, the benefits outweighed the risks, and alternate therapies
would not be effective because M.T.’s inability to comprehend that she was ill
would not allow her to respond favorably to alternate therapies.  

            Considering all the evidence in the
light most favorable to the findings, we conclude a reasonable trier of fact
could have formed a firm belief or conviction that M.T. lacked the capacity to
make a decision regarding administration of the proposed medications and that
the proposed medications were in M.T.’s best interest.  See id. § 574.106(a); In
re J.F.C., 96 S.W.3d at 266. 
Thus, the evidence is legally sufficient to support the trial court’s
order.

            Having determined that the evidence
is legally sufficient, we address factual sufficiency and consider all of the
evidence, both that in support of and contrary to the trial court’s
findings.  See In re C.H.,
89 S.W.3d at 25.  M.T. asserted that she
did not wish to take the medication and alluded to spiritual grounds as the
basis for her refusal.  M.T. was not
specific about her beliefs, and her reasons for not wanting to take the
medications appear to be related to her desire to vindicate a right to refuse
medication and for greater patient choice. 
The right to refuse treatment, and the right of patients, generally, to
direct the course of their treatment are important.  By its very nature, however, involuntary
treatment is against the stated wishes of a patient.  The trial court must consider M.T.’s
preferences and beliefs, but need not simply defer to them.  See Tex.
Health & Safety Code Ann. § 574.106(b).  

            M.T. testified that she did not
believe she needed psychoactive medication. 
It was her preference simply to wait out the statutory ninety day
commitment period and be released.  The
doctor testified that she was mentally ill and unable to make important
decisions.  It is presumed that the trial
court gave M.T.’s preferences and beliefs due consideration.  The basic thrust of the doctor’s testimony,
that M.T.’s mental illness precluded her consideration of the taking of the
medication, was unrebutted.  Furthermore,
her prior treatment history suggests that treatment with medication had been
helpful to M.T., had allowed her to function, and was without significant
complications or side effects. 

            Based upon our review of the record
as a whole, we conclude that the conflicting evidence is not so significant that
a reasonable trier of fact could not have reconciled the evidence in favor of
its finding and formed a firm belief or conviction that M.T. lacked the
capacity to make a decision regarding administration of the proposed
psychoactive medications and that the proposed medications were in M.T.’s best
interest.  See id. §
574.106(a), (b); In re C.H., 89 S.W.3d at 25. Therefore, the
evidence is factually sufficient to support the trial court’s order.  Id.  We overrule M.T.’s sole issue.

 

Disposition 

            Having overruled M.T.’s sole issue,
we affirm the judgment of the trial court.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

Opinion delivered June 30, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)